UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD SMITH,

                              Plaintiff,

          -against-

HOMES FOR THE HOMELESS,

                              Defendant.

20-CV-10710 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State and City Human Rights Laws, alleging that his employer discriminated against him based on his race and color. The Court construes the complaint as also asserting claims under 42 U.S.C. § 1981. By order dated December 28, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings his claims using the court's Employment Discrimination Complaint form. He checks the box to assert that his employer discriminated against him on the basis of his race and color. The "facts" section of the complaint form states in its entirety: "On several occasion[s]

I was called a racist term, written up false[ly], harassed and terminated due to false allegations. Employment laws and rights were violated."[1] (ECF No. 2, at 5.)

Plaintiff checks boxes on the form to indicate that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a Notice of Right to Sue, but he does not provide the dates that he filed the charge or received the Notice, and he does not attach the Notice to the complaint.

He seeks money damages.

## DISCUSSION

### A.     Title VII Pleading Requirements

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Section 1981 prohibits discrimination in the making and enforcing of contracts, including employment contracts, "on account of [a person' s] race, ancestry, or ethnic characteristics." *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987).

These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at

---

[1] The complaint is written with irregular capitalization. For readability, the Court uses standard capitalization.

work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Plaintiff's allegations are insufficient to state a claim under Title VII or § 1981. He does not allege facts suggesting that his employer took adverse action against him because of a protected characteristic. Plaintiff alleges that he was called a racist term on several occasions, but he does not state who used the derogatory term or when those incidents occurred. Nor does Plaintiff identify his race. He further asserts that he was written up and terminated due to "false allegations," but he alleges no facts suggesting that his employer took these actions because of race.

## B.      Exhaustion of Administrative Remedies

As a precondition to filing suit under Title VII, a plaintiff must first file a timely charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(e); *see also Chin v. Port Auth. of N.Y. &N.J.*, 685 F.3d 135, 146 (2d Cir. 2012). In New York, this charge must be filed with the EEOC within 300 days of the alleged act of discrimination. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2); *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325-28 (2d Cir. 1999). This requirement functions as a

statute of limitations, *Van Zant v. KLM Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996), and a

claim is time-barred when a plaintiff fails to file a timely charge with the EEOC, *see Butts v. N.Y.*

*Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) ("When a plaintiff fails to file a

timely charge with the EEOC, the claim is time-barred."); *see also Zerilli-Edelglass v. N.Y.C.*

*Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (affirming dismissal of ADA claim as time-barred

for failure to file timely EEOC charge). The time limits, however, are not jurisdictional and,

therefore, are subject to equitable tolling.[1] *See Morgan*, 536 U.S. at 113 (citing to *Zipes v. Trans.*

*World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Dismissal may be appropriate, however, where

the existence of an affirmative defense, such as the statute of limitations, is plain from the face of

the pleading. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal

under 28 U.S.C. § 1915(d) on statute of limitations grounds); *Baker v. Cuomo*, 58 F.3d 814, 818-

19 (2d Cir. 1995) (*sua sponte* dismissal is "appropriate if it appears from the face of the

complaint that the action is barred . . . by the statute of limitations"), *vacated in part on other*

*grounds*, 85 F.3d 919 (2d Cir. 1996).

Plaintiff checks boxes on the complaint form to indicate that he filed a charge of

discrimination with the EEOC and that he received a Notice of Right to Sue. But because he fails

to indicate the dates on which he filed the charge and received the Notice, the Court cannot

determine if this complaint as timely filed.[2] Therefore, should he choose to amend his complaint

---

[1] Equitable tolling of the statute of limitations is "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass*, 333 F.3d at 80 (internal quotation marks, alteration, and citations omitted). To obtain the benefit of equitable tolling, a plaintiff must show (1) that he acted with reasonable diligence during the time period tolled, and (2) that extraordinary circumstances justify the application of the doctrine. *Id.*

[2] As a general rule, a plaintiff must commence a civil action within ninety days of receipt of notice of dismissal or termination of proceedings by the EEOC. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984). Although

to detail any discrimination claims he may have, he should also allege facts regarding the dates on which he filed a charged with the EEOC and received the Notice of Right to Sue, or that the charge-filing period should be equitably tolled because he acted diligently and extraordinary circumstances prevented him from filing a timely charge with the EEOC.

## C.    Leave to Amend

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated;

---

equitable considerations may apply under specified circumstances — such as when Plaintiff has received inadequate notice from the EEOC, where affirmative misconduct on the part of a defendant lulled the Plaintiff into inaction, or if Plaintiff has relied on the court's assurances, *id*. at 151-52 — "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants," *id*. at 152.

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**D.      Consent to Electronic Service and Information About NYLAG Clinic**

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. Instructions for filing by email are located at https://nysd.uscourts.gov/forms/instructions-filing-documents-email. Pro se parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. Pro se parties who are unable to use email may submit documents by regular mail or in person at a drop box at one of the designated courthouse locations in Manhattan (500 Pearl Street) or White Plains (300 Quarropas Street). For more information, including instructions on this new email service for pro se parties, please visit the Court's website at https://www.nysd.uscourts.gov.

Also, Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently **only** available by telephone.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended

Complaint," and label the document with docket number 20-CV-10710 (LLS). An Amended

Complaint for Employment Discrimination form is attached to this order. No summons will issue

at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause

to excuse such failure, the complaint will be dismissed for failure to state a claim upon which

relief may be granted.

SO ORDERED.

Dated:   January 7, 2021
         New York, New York

                                          _Louis L. Stanton_____
                                          LOUIS L. STANTON
                                          U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

     -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant.  Addresses should not be included here.)*

**AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

**\_\_\_ Civ. _____ ( \_\_\_ )**

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

    _____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
    **NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    _____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
    **NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

    _____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
    **NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    _____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

    _____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

## I.      Parties in this complaint:

A.      List your name, address and telephone number.  Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name  _____

                 Street Address  _____

                 County, City _____

                 State & Zip Code  _____

                 Telephone Number _____

B.      List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant        Name  _____

                 Street Address  _____

                 County, City _____

                 State & Zip Code  _____

                 Telephone Number _____

C.      The address at which I sought employment or was employed by the defendant(s) is:

                 Employer _____

                 Street Address  _____

                 County, City _____

                 State & Zip Code  _____

                 Telephone Number _____

## II.      Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

            _____          Failure to hire me.

            _____          Termination of my employment.

            _____          Failure to promote me.

            _____          Failure to accommodate my disability.

            _____          Unequal terms and conditions of my employment.

            _____          Retaliation.

*Rev. 07/2007*                                    2

_____        Other acts *(specify)*: _____.

> **Note:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                              *Date(s)*

C.    I believe that defendant(s) *(check one)*:

_____        is still committing these acts against me.

_____        is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐     race    _____        ☐     color    _____

☐     gender/sex    _____        ☐     religion_____

☐     national origin    _____

☐     age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐     disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____
_____

> **Note:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

_____        has not issued a Notice of Right to Sue letter.

_____        issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

> **Note:** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.      Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____        60 days or more have elapsed.

_____        less than 60 days have elapsed.


## IV.    Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Address      _____

_____

_____

_____

Telephone Number      _____

Fax Number *(if you have one)*      _____

# <u>Notice For Pro Se Litigants</u>

As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.



